IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JERRY McKEE**  **PLAINTIFF**
ADC #174370

V.                    CASE NO.  4:20-cv-01406 JM

**SOCIAL SECURITY ADMINISTRATION**  **DEFENDANT**

**ORDER**

Plaintiff Jerry McKee, in custody at the Varner Unit of the Arkansas Department of Correction, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1). He also filed an application for leave to proceed *in forma pauperis*. (Doc. No. 2). Because McKee makes the showing required by 28 U.S.C. § 1915, his motion for leave to proceed *in forma pauperis* (Doc. No. 2) is GRANTED. His Complaint, however, will be dismissed for failure to state a claim on which relief may be granted.

**I.  *In Forma Pauperis* Application**

Because McKee has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request to proceed *in forma pauperis* (Doc. No. 2) will be granted. The Court assesses an initial partial filing fee of $4.33. McKee's custodian is directed to collect the initial partial filing fee and thereafter to collect the remainder of the filing fee in monthly payments equal to 20% of the preceding month's income in McKee's institutional account each time the amount in that account is greater than $10. McKee's custodian must send those payments to the Clerk until a total of $350 has been paid. These payments should be clearly identified by the name and number assigned to this action.

## II. Screening

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly*, 550 U.S. at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## III. Discussion

McKee brought suit under 42 U.S.C. § 1983. (Doc. No. 1). He sued the "Head Boss" of the Social Security Administration in his or her official and personal capacities. (*Id*. at 1-2). McKee explains that when he was arrested in August 2018, he was receiving monthly disability payments in the amount of $723.00. (*Id*. at 4). After his arrest, he stopped receiving disability payments for two months. (*Id*.). The payments then started again, but at only half of the original

amount. (*Id*.). As of approximately July 2019, McKee has not received disability payments. (*Id*.). In September 2019, he was sentenced to life in prison without parole. (Doc. No. 1 at 4).

McKee claims the Social Security Administration violated his due process and equal protection rights. (*Id*. at 5). He also claims that had he received his full disability payments in a timely manner, he could have afforded an attorney and may have avoided being wrongfully convicted of a crime. (*Id*. at 5-6). McKee seeks reimbursement of the disability payments he has not received, resumption of the payment of his benefits, damages for the alleged violations of his rights, and costs and fees. (*Id*. at 7).

McKee brought suit under 42 U.S.C. § 1983. (Doc. No. 2). But the "Head Guy" is a federal actor. Plaintiff's § 1983 claims fail because that section is intended for alleged violations by state actors, not federal actors. *See* 42 U.S.C. § 1983.

Further, McKee gives ample background about the amount of his disability payments and when he stopped receiving payments. But his legal claims—that his due process and equal protection rights were violated—are conclusory. He offers no explanation as to how the "Head Guy" allegedly violated those rights. The heart of an equal protection claim is that similarly situated individuals are treated differently. *See Keevan v. Smith*, 100 F.3d 644, 648 (8th Cir. 1996). McKee has not explained, however, how he is being treated differently. Further, the Court cannot determine the basis of McKee's due process claim. Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1939, 137 L. Ed. 2d 868 (2009). And to the extent McKee challenges his conviction, those claims are barred. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Accordingly, McKee's claims fail and are dismissed without prejudice.

## IV.  Conclusion

IT IS THEREFORE ORDERED THAT:

1. McKee's motion for leave to proceed *in forma pauperis* (Doc. No. 2) is GRANTED.

2. McKee's custodian, the Warden of the Varner Unit or his or her designee, is directed to collect an initial partial filing fee in the amount of $4.33, and thereafter to collect the remainder of filing fee in monthly payments equal to 20% of the preceding month's income in McKee's institutional account each time the amount in McKee's account is greater than $10. McKee's custodian must send those payments to the Clerk until a total of $350 has been paid.  All payments made on McKee's behalf must be identified by the name and number assigned to this action.

3. The Clerk of the Court is directed to send a copy of this order to the Warden of the Varner Unit of the Arkansas Department of Correction, P.O. box 600, Grady, Arkansas 71644; the ADC Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611; and the ADC Compliance Office, P.O. Box 20550, Pine Bluff, Arkansas 71612.

4. McKee's claims are DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

5. McKee's Complaint (Doc. No. 1) is DISMISSED WITHOUT PREJUDICE.

6. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

7. This Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal taken from this Order and accompanying Judgment is considered frivolous and not in good faith.

IT IS SO ORDERED this 7th day of December, 2020.

                                                                       _____
                                                                       UNITED STATES DISTRICT JUDGE